# United States Court of Appeals for the Federal Circuit

---

**AUTOMATED MERCHANDISING SYSTEMS, INC.,**
a Delaware Corporation,
*Plaintiff-Appellant*

v.

**MICHELLE K. LEE, Director, U.S. Patent and Trademark Office, in her official capacity as the Under Secretary of Commerce for Intellectual Property and Director of the United States Patent and Trademark Office,**
*Defendant-Appellee*

---

2014-1728

---

Appeal from the United States District Court for the Eastern District of Virginia in No. 1:13-cv-01289-AJT-JFA, Judge Anthony J. Trenga.

---

Decided: April 10, 2015

---

JAMES DANIEL BERQUIST, Davidson Berquist Jackson & Gowdey, LLP, Arlington, VA, argued for plaintiff-appellant. Also represented by DONALD LEE JACKSON.

MEGAN BARBERO, Appellate Staff, Civil Division, United States Department of Justice, Washington, DC, argued for defendant-appellee. Also represented by MARK

R. FREEMAN, JOYCE R. BRANDA; NATHAN K. KELLEY, WILLIAM LAMARCA, LORE A. UNT, Office of the Solicitor, United States Patent and Trademark Office, Alexandria, VA; DANA J. BOENTE, DAVID MOSKOWITZ, Office of the United States Attorney for the Eastern District of Virginia, Alexandria, VA.

---

Before PROST, *Chief Judge,* TARANTO, *Circuit Judge,* and FOGEL, *District Judge.* [*]

TARANTO, *Circuit Judge.*

Automated Merchandising Systems, Inc. (AMS) petitioned the United States Patent and Trademark Office to terminate four pending inter partes reexaminations of four AMS patents that had been the subject of a patent-infringement suit between AMS and Crane Co., the requester of the reexaminations. After AMS and Crane entered into a consent judgment, which dismissed the infringement suit and stated that the parties stipulated to the validity of the patents, AMS argued to the PTO that the reexaminations must stop because, under 35 U.S.C. § 317(b) (2006), the consent judgment was a "final decision . . . entered against a party in a civil action . . . that the party has not sustained its burden of proving the invalidity of any patent claim in suit." The PTO denied AMS's petition to terminate the reexaminations.

When AMS challenged that decision in district court under the Administrative Procedure Act (APA), 5 U.S.C. §§ 701–706, the court held that § 317(b) did not require termination of the reexaminations. *Automated Merch. Sys., Inc. v. Rea*, No. 1:13-CV-1289, 2014 WL 4628552, at

---

[*]     Honorable Jeremy Fogel, District Judge, United States District Court for the Northern District of California, sitting by designation.

*3–6 (E.D. Va. Aug. 6, 2014) (*AMS*).  The court concluded that the consent judgment, though final, was not a decision that Crane failed to prove invalidity of the patents, as the judgment stated, regarding invalidity, only that the parties stipulated to validity.  *Id.*  We now affirm, though not on the district court's ground of § 317(b)'s inapplicability.  We conclude that AMS's challenge to the PTO's refusal to terminate pending reexaminations cannot proceed because the refusal is not a "final agency action" under the APA, 5 U.S.C. § 704.

## BACKGROUND

AMS sued Crane in the Northern District of West Virginia for infringement of four patents, U.S. Patent Nos. 6,384,402, 6,794,634, 7,191,915, and 7,343,220.  In early 2011, years into the litigation, Crane requested an inter partes reexamination of each patent under 35 U.S.C. §§ 311–318 (2006).[1]  Finding that Crane had raised substantial new questions of patentability as to all four patents, the PTO initiated four inter partes reexaminations.  *Id.* §§ 312(a), 313.

While the reexaminations were underway, AMS and Crane settled their suit in the Northern District of West Virginia.  Pursuant to the settlement, the court issued a consent judgment stating, in relevant part, that "[t]he parties stipulate that [the four patents] are valid," that "[a]ll claims . . . are dismissed with prejudice," and that "[t]his judgment is final."  J.A. 62.  AMS then asked the

---

[1]  The America Invents Act (AIA) repealed the provisions authorizing inter partes reexaminations.  Pub. L. No. 112-29, § 6, 125 Stat. 284, 299–305 (2011).  But the pre-AIA provisions apply here because Crane requested the inter partes reexaminations before the effective date of the AIA.  *Id.* § 6(c)(3)(C), 125 Stat. at 305.

PTO, several times, to terminate the reexaminations under § 317(b), which read, in relevant part, as follows:

> Once a final decision has been entered against a party in a civil action arising in whole or in part under section 1338 of title 28, that the party has not sustained its burden of proving the invalidity of any patent claim in suit . . . , then neither that party nor its privies may thereafter request an inter partes reexamination of any such patent claim on the basis of issues which that party or its privies raised or could have raised in such civil action . . . , and an inter partes reexamination requested by that party or its privies on the basis of such issues may not thereafter be maintained by the Office . . . .

The PTO refused to terminate the reexaminations. For example, with regard to the '634 patent, it found no "decision" by the West Virginia court "that [Crane] ha[d] not sustained its burden of proving the invalidity of any patent claim." J.A. 75. The PTO also stated that its refusal to terminate the proceedings was "a final agency action." J.A. 81, 97.

AMS filed suit in the Eastern District of Virginia, invoking the court's jurisdiction under 28 U.S.C. §§ 1331, 1338, 1346, and also relying for "jurisdiction" on the APA, 5 U.S.C. §§ 701–706, the Declaratory Judgment Act, 28 U.S.C. § 2201, and the mandamus authority of 28 U.S.C. § 1361. AMS argued that, in light of the consent judgment, § 317(b) required the PTO to terminate the reexaminations. The PTO did not dispute the district court's authority to reach the merits of that challenge.

The district court rejected AMS's position on the merits. It held that § 317(b)'s prohibition on maintaining a reexamination does not apply unless there has been "an actual adjudication on the merits." *AMS*, 2014 WL 4628552, at *5. In AMS's case, the district court deter-

mined, "[t]he Consent Judgment's . . . language . . . cannot be reasonably understood as anything more than a willingness on the part of the court to dismiss the case based on the parties' settlement without its adjudication of the merits." *Id.* at \*4. The district court thus denied AMS's summary-judgment motion to terminate the reexaminations and granted summary judgment in favor of the PTO. *Id.* at \*6.

AMS has appealed to this court. We have jurisdiction pursuant to 28 U.S.C. § 1295(a)(1).

## DISCUSSION

We review a grant of summary judgment de novo, applying the same standard as the district court. *Burandt v. Dudas*, 528 F.3d 1329, 1332 (Fed. Cir. 2008) (applying Fourth Circuit law). If review under the APA is authorized, we must "hold unlawful and set aside agency action, findings, and conclusions found to be . . . arbitrary, capricious, an abuse of discretion, or otherwise not in accordance with law." 5 U.S.C. § 706(2).

## A

Although the PTO did not raise the issue before the district court, it argues now that its refusal to terminate the reexaminations was not a "final agency action" subject to judicial review under 5 U.S.C. § 704. Just as AMS treated the APA as a matter of "jurisdiction" in its complaint, the PTO here characterizes the APA's final-agency-action requirement as "jurisdictional." The sense of that term the PTO invokes is one that entitles a party to have an issue decided on appeal even when, like the PTO here regarding the § 704 issue, it failed to raise the issue in the district court. Appellee's Brief at 14–22; *see Kontrick v. Ryan*, 540 U.S. 443, 455 (2004).

We need not decide whether the APA's final-agency-action requirement is jurisdictional in that sense. We assume, *arguendo* but with some basis, that it is not. *See*

*Air Courier Conference of Am. v. Am. Postal Workers Union*, 498 U.S. 517, 523 n.3 (1991) ("The judicial review provisions of the APA are not jurisdictional, *Califano v. Sanders*, 430 U.S. 99 (1977), so a defense based on exemption from the APA can be waived by the Government."). Nevertheless, we may consider whether the APA requirement is met in this case. Under certain circumstances, we may consider issues not previously raised, and we find such circumstances present here.

Considerations relevant to overlooking a failure to preserve an issue include whether

> (i) the issue involves a pure question of law and refusal to consider it would result in a miscarriage of justice; (ii) the proper resolution is beyond any doubt; (iii) the appellant had no opportunity to raise the objection at the district court level; (iv) the issue presents significant questions of general impact or of great public concern; or (v) the interest of substantial justice is at stake.

*L.E.A. Dynatech, Inc. v. Allina*, 49 F.3d 1527, 1531 (Fed. Cir. 1995) (internal quotation marks and brackets omitted); *see Singleton v. Wulff*, 428 U.S. 106, 121 (1976) ("We announce no general rule. Certainly there are circumstances in which a federal appellate court is justified in resolving an issue not passed on below, as where the proper resolution is beyond any doubt . . . .").

Several criteria for discretionary disregard of forfeiture combine to justify consideration of the APA issue here. Proper resolution of the issue—which is a matter of law and which does not involve the merits of the § 317(b) challenge to the PTO's decision—is beyond doubt, as explained *infra* in Part B. Moreover, whether a refusal to terminate ongoing PTO proceedings is immediately reviewable presents a significant question of continuing public concern, affecting a range of PTO proceedings in the regular operation of the agency. *See Cemex, S.A. v.*

*United States*, 133 F.3d 897, 902 (Fed. Cir. 1998) (addressing pure issue of statutory construction not raised below—application of the Tariff Act—because the issue involved "'significant questions of general impact'"). And the issue has been fully briefed by the parties. *See Interactive Gift Exp., Inc. v. Compuserve Inc.*, 256 F.3d 1323, 1345 (Fed. Cir. 2001) ("'A circuit court will disregard the rule [of waiver] in compelling circumstances[,] . . . [p]articularly . . . if the issue has been fully briefed, if the issue is a matter of law or the record is complete, if there will be no prejudice to any party, and if no purpose is served by remand . . . .'") (quoting 19 James W. Moore et al., Moore's Federal Practice § 205.05, at 205–58 (3d ed. 1997)).

For those reasons, we will consider whether the PTO's refusal to terminate the reexaminations constituted a final agency action.

B

Under the APA, "[a]gency action made reviewable by statute and final agency action for which there is no other adequate remedy in a court are subject to judicial review. A preliminary, procedural, or intermediate agency action or ruling not directly reviewable is subject to review on the review of the final agency action." 5 U.S.C. § 704. It is undisputed that no statute makes the challenged refusal to terminate the inter partes reexaminations immediately reviewable. Accordingly, the refusal is not reviewable unless it is a "final agency action for which there is no other adequate remedy in a court."

Generally, two requirements must be met for an agency action to be final. "First, the action must mark the 'consummation' of the agency's decisionmaking process—it must not be of a merely tentative or interlocutory nature. And second, the action must be one by which 'rights or obligations have been determined,' or from which 'legal consequences will flow.'" *Bennett v. Spear*,

520 U.S. 154, 177–78 (1997) (citations omitted); *see also Franklin v. Massachusetts*, 505 U.S. 788, 797 (1992) ("The core question is whether the agency has completed its decisionmaking process, and whether the result of that process is one that will directly affect the parties."). The PTO's refusal to terminate the inter partes reexaminations here does not qualify as a final agency action under those standards.

The PTO's refusal was anything but the "'consummation' of the [PTO's] decisionmaking process"; it was, instead, "interlocutory" in nature. *Bennett*, 520 U.S. at 178. An analogy is apt: the PTO's refusal to stop the proceedings here was as interlocutory, as far from final, as the run-of-the-mill district-court denial of a motion to dismiss. *See Van Cauwenberghe v. Biard*, 486 U.S. 517, 524 (1988) (noting strong general rule and narrowness of exceptions). An ultimate merits determination regarding the validity of any of the patent claims at issue has not yet been reached in any of the reexamination proceedings. The reexaminations could end with decisions in AMS's favor, which would moot any controversy over how to interpret § 317(b). The PTO's refusal to terminate simply permits each reexamination to reach such a final disposition—nothing more. *See, e.g.*, *Chemsol, LLC v. United States*, 755 F.3d 1345, 1355 (Fed. Cir. 2014) (extending deadline for administrative action is not final agency action); *Patlex Corp. v. Mossinghoff*, 771 F.2d 480, 485 (Fed. Cir. 1985) ("The determination that a substantial new question of patentability exists is a preliminary decision. It is not a final determination . . . ."), *modifying* 758 F.2d 594 (Fed. Cir. 1985); *see also FTC v. Standard Oil Co.*, 449 U.S. 232, 239–43 (1980) (decision to initiate administrative proceedings is not final agency action); *DRG Funding Corp. v. Sec'y of Hous. & Urban Dev.*, 76 F.3d 1212, 1214 (D.C. Cir. 1996) ("[The final-agency-action requirement] serves several functions. It allows the agency an opportunity to apply its expertise and

correct its mistakes, it avoids disrupting the agency's processes, and it relieves the courts from having to engage in piecemeal review which is at the least inefficient and upon completion of the agency process might prove to have been unnecessary.") (internal quotation marks and citation omitted).

The PTO's refusal to terminate the proceedings also is not an action "by which 'rights or obligations have been determined,' or from which 'legal consequences will flow.'" *Bennett*, 520 U.S. at 178. AMS has lost no patent rights from the refusal to terminate the proceedings. Any loss of patent rights for the patents at issue will not occur until completion of the relevant reexamination. The only direct consequence that flows from the PTO's refusal to stop the proceedings is that AMS must continue to participate in the reexaminations to preserve its interests. Alone, however, an agency's imposition of the burden of participating in administrative proceedings is not enough to render that action final. *Standard Oil*, 449 U.S. at 242; *see Van Cauwenberghe*, 486 U.S. at 524 (similar point for finality rule applicable to district-court litigation).

If AMS receives an adverse ruling from the PTO in any of the reexaminations, AMS will at that time have an "adequate remedy in a court." 5 U.S.C. § 704. Under the APA, the "intermediate" agency action of refusing to stop the reexaminations, not elsewhere declared to be unreviewable, "is subject to review on the review of the final agency action." *Id.* The PTO has conceded that, under 35 U.S.C. § 315(a)(1) (2006), "AMS can appeal any adverse [final determination of patentability]" to this court for "consider[ation of] whether the reexamination proceedings should have been terminated under § 317(b)." Appellee's Brief at 20.

Accordingly, there is clearly no final agency action here. And that conclusion is not altered by the fact that, in *Cooper Techs. Co. v. Dudas*, 536 F.3d 1330 (Fed. Cir.

2008), we affirmed, on the merits, a district court's grant of summary judgment to the PTO regarding the agency's refusal to terminate ongoing reexamination proceedings. *Id.* at 1332. *Cooper* did not discuss the APA's final-agency-action requirement, so it is not precedential on the issue, even if the requirement is jurisdictional. *See, e.g., Cooper Indus., Inc. v. Aviall Servs., Inc.*, 543 U.S. 157, 170 (2004) ("Questions which merely lurk in the record, neither brought to the attention of the court nor ruled upon, are not to be considered as having been so decided as to constitute precedents.") (internal quotation marks and citation omitted); *Lewis v. Casey*, 518 U.S. 343, 352 n.2 (1996) ("[T]he existence of unaddressed jurisdictional defects has no precedential effect."); *United States v. Cnty. of Cook, Ill.*, 170 F.3d 1084, 1088 (Fed. Cir. 1999) (no precedential effect of decisions on issues not squarely addressed); *cf. Arbaugh v. Y&H Corp.*, 546 U.S. 500, 511 (2006) ("'drive-by jurisdictional rulings,'" in which legal rules are labeled "jurisdictional" through "unrefined dispositions," have no precedential effect).

AMS therefore cannot proceed under the APA. And mandamus and the Declaratory Judgment Act, the other statutory avenues of relief that AMS invoked in its complaint, are also foreclosed.

Mandamus relief under 28 U.S.C. §§ 1361, 1651 is unavailable. AMS can present its § 317(b) argument on appeal from any final adverse PTO determination in the reexaminations and, if correct about § 317(b), can secure reversal of such a determination. Because AMS has an adequate remedy and its only present harm is the burden of participating in the proceedings at issue, it is not entitled to mandamus relief. *See Mallard v. U.S. Dist. Court for the S. Dist. of Iowa,* 490 U.S. 296, 309 (1989); *Bankers Life & Cas. Co. v. Holland,* 346 U.S. 379, 383 (1953).

Relief under the Declaratory Judgment Act, 28 U.S.C. § 2201, is also unavailable. AMS has not relied on that Act in its arguments to us, and for good reason. The Act provides a "discretionary" remedy that "courts traditionally have been reluctant to apply . . . to administrative determinations" that are not final or otherwise ripe for review. *Abbott Labs. v. Gardner*, 387 U.S. 136, 148 (1967) (courts should use discretion "to protect the agencies from judicial interference until an administrative decision has been formalized and its effects felt in a concrete way"), *overruled on other grounds by Califano v. Sanders*, 430 U.S. 99, 105 (1977); *see Lane v. U.S. Dep't of Agric.*, 187 F.3d 793, 795–96 (8th Cir. 1999) (declaratory-judgment action not ripe for lack of final agency action). "A declaratory judgment action should not be used to circumvent the usual progression of administrative determination and judicial review." *Agri-Trans Corp. v. Gladders Barge Line, Inc.*, 721 F.2d 1005, 1011 (5th Cir. 1983). A contrary conclusion here would impermissibly employ the general, discretionary declaratory-judgment remedy to override the specific requirements of the APA addressing review of agency action. *See, e.g., Corley v. United States*, 556 U.S. 303, 316 (2009) ("[A] more specific statute will be given precedence over a more general one.") (internal quotation marks and citation omitted).

Because the PTO's refusal to terminate the proceedings at issue was not a final agency action, the district court did not err in granting summary judgment in favor of the PTO.

CONCLUSION

For the foregoing reasons, the judgment of the district court is affirmed.

**AFFIRMED**