NOTE:  This disposition is nonprecedential.

# United States Court of Appeals for the Federal Circuit

_____

**JEM D INTERNATIONAL (MICHIGAN) INC. USA, JEM D MARKETING (VIRGINIA) INC., RED SUN FARMS HOLDINGS USA LLC, RED SUN FARMS VIRGINIA LLC,**
*Plaintiffs-Appellants*

**v.**

**UNITED STATES, FLORIDA TOMATO EXCHANGE,**
*Defendants-Appellees*

_____

2021-1292

_____

Appeal from the United States Court of International Trade in No. 1:19-cv-00127-JCG, Judge Jennifer Choe-Groves.

_____

Decided:  April 14, 2022

_____

JAMES P. DURLING, Curtis, Mallet-Prevost, Colt & Mosle LLP, Washington, DC, argued for plaintiffs-appellants.  Also represented JAMES BEATY, DANIEL L. PORTER. Also argued by DEVIN S. SIKES, Akin Gump Strauss Hauer & Feld LLP, Washington, DC; JEFFREY WINTON, Winton & Chapman PLLC, Washington, DC.

DOUGLAS GLENN EDELSCHICK, Commercial Litigation Branch, Civil Division, United States Department of Justice, Washington, DC, argued for defendant-appellee United States. Also argued by ROBERT R. KIEPURA. Also represented by BRIAN M. BOYNTON, JEANNE DAVIDSON, FRANKLIN E. WHITE, JR.; EMMA T. HUNTER, Office of the Chief Counsel for Trade Enforcement & Compliance, United States Department of Commerce, Washington, DC.

MARY JANE ALVES, Cassidy Levy Kent USA LLP, Washington, DC, argued for defendant-appellee Florida Tomato Exchange. Also represented by JAMES R. CANNON, JR., ULRIKA K. SWANSON, JONATHAN M. ZIELINSKI.

————————————

Before DYK, PROST, and TARANTO, *Circuit Judges*.

DYK, *Circuit Judge*.

This appeal is one of four consolidated cases arising out of an antidumping duty investigation to determine whether fresh Mexican tomatoes were being imported into the United States and sold at less than fair value. The history of the proceedings is described in our two accompanying precedential opinions in *Confederacion de Asociaciónes v. United States*, No. 2020-2232, and *Bioparques de Occidente v. United States*, No. 2020-2265.

Jem D International (Michigan) Inc. USA, Jem D Marketing (Virginia) Inc., Red Sun Farms Holdings USA LLC, and Red Sun Farms Virginia LLC (collectively, "Jem D") appeal a final decision of the Court of International Trade (the "Trade Court"). Jem D is the exclusive domestic dealer and marketer for three privately-held Mexican fresh tomato producer-exporters. These producer-exporters—Naturbell SPR DE RL, San Miguel Red Sun Farms SPR DE RL DE CV, and Agricola El Rosal DE—are members of the Asociación Mexicana de Horticultura Protegida, A.C.,

("AMHPAC"), a named plaintiff in *Confederacion*. Jem D resells all three producer-exporters' tomatoes in the United States under the name "Red Sun Farms."

On May 7, 2019, Commerce published notice in the Federal Register that it was withdrawing from the 2013 suspension agreement ("the 2013 agreement"). Fresh Tomatoes From Mexico, 84 Fed. Reg. at 20,858 (May 13, 2019). Jem D filed its initial complaint in the Trade Court on July 18, 2019. On September 24, 2019, the Department of Commerce ("Commerce") published notice that it had entered into a new suspension agreement with the parties on September 24, 2019 ("the 2019 agreement"). Fresh Tomatoes From Mexico, 84 Fed. Reg. at 49,989 (Sept. 24, 2019). On December 23, 2019, Jem D filed an amended complaint in the Trade Court that raised three claims: (1) a challenge to Commerce's decision to terminate the 2013 agreement for allegedly violating 19 U.S.C. § 1673c(i)'s statutory requirements;[1] (2) a challenge to Commerce's continued investigation for using an improper preliminary determination date; and (3) a challenge to the 2019 agreement for allegedly violating § 1673c(e)'s notice and comment requirements and for incorporating terms beyond those permitted by § 1673c.[2] The government moved to dismiss on grounds of mootness, lack of subject matter jurisdiction, and failure to state a claim upon which relief could be granted. The Trade Court granted the government's motion and dismissed the action with prejudice on

---

[1]    This count also relied on Commerce's regulations, 19 C.F.R. § 351.209(a), which are equivalent to the statute itself for purposes of this claim.

[2]    This count also relied on Commerce's regulations, 19 C.F.R. § 351.208, which are equivalent to the statute itself for purposes of this claim.

the ground that the case was moot.  Jem D appeals.  We have jurisdiction pursuant to 28 U.S.C. § 1295(a)(5).

## DISCUSSION

The appellants here, as in *Confederacion*, challenge the termination of the 2013 agreement.  The Trade Court held that this claim was moot.  Our decision in *Confederacion* resolves this claim.  There, we conclude that, while we have jurisdiction over the claim and the claim is not moot, it was properly dismissed for failure to state a claim.  Accordingly, we affirm the Trade Court's decision with respect to this claim.

Jem D also challenges the continuation of the anti-dumping proceeding by Commerce.  As we hold in *Confederacion,* the Trade Court has no jurisdiction over such an interim challenge except as part of a challenge to a final determination.[3]  *See* 33 Charles Alan Wright & Arthur R. Miller, *Federal Practice and Procedure* § 8361 (2d ed. 2021) ("[J]udicial review is available only for 'final' agency actions."); *see also Automated Merch. Sys., Inc. v. Lee*, 782 F.3d 1376, 1380–81 (Fed. Cir. 2015) (holding agency decision to initiate or continue proceedings cannot be reviewed until there is a final agency determination); *Gov't of People's Republic of China v. United States*, 483 F. Supp. 2d 1274, 1281 (Ct. Int'l Trade 2007) (holding appellants could challenge Commerce's decision to initiate an investigation after publication of the final determination).  Here, Jem D's amended complaint raised no challenge to the final anti-dumping determination.  Accordingly, the Trade Court

---

[3]    Congress contemplated that decisions such as "a preliminary affirmative antidumping . . . determination or a decision to exclude a particular exporter from an antidumping investigation," would be reviewable "only in connection with the review of the final determination."  H.R. Rep. No. 96-1235, at 48 (1980).

lacked jurisdiction over this claim, and we affirm the Trade Court's dismissal.

Finally, Jem D challenges the 2019 agreement. Unlike the appellants in *Confederacion*, appellants here do not raise a duress claim, but instead contend that the 2019 agreement is invalid because it violates statutory requirements. Jem D argues that in negotiating the 2019 agreement, Commerce failed to comply with § 1673c(e)'s notice and comment requirements. It also claims that the agreement impermissibly incorporated terms "unrelated to price," which according to Jem D, are not permitted by § 1673c.[4] J.A. 70.

But as the government points out, a summons for such a challenge must be filed "[w]ithin thirty days after[] the date of publication in the Federal Register of" notice of the suspension agreement, and a complaint must be filed "within thirty days thereafter." 19 U.S.C. § 1516a(a)(2)(A). The amended complaint here was not timely filed—the government published notice of the 2019 agreement on September 24, 2019, and Jem D did not file its amended complaint until December 23, 2019.

The amended complaint cannot overcome this time-bar through relation back to the original, July 18, 2019, complaint because at that time, the Trade Court lacked jurisdiction over Jem D's challenge to the suspension agreement negotiations. *See* 6A Charles Alan Wright & Arthur R. Miller, *Federal Practice and Procedure* § 1496 (3d ed. 2021) (explaining there is no relation back for amended complaint when district court lacks subject matter jurisdiction over claim in original pleading (citing *Reynolds v. United States*, 748 F.2d 291, 293 (5th Cir. 1984))).

---

4    This claim was added in Jem D's amended complaint.

A claim challenging the negotiations for failing to comply with notice and comment requirements is an interim challenge that could be brought only as part of a challenge to the September 24, 2019, final agreement. Accordingly, the Trade Court lacked jurisdiction over this claim, and we affirm its dismissal.

## AFFIRMED

### COSTS

No costs.