NOTE:  This order is nonprecedential.

# United States Court of Appeals for the Federal Circuit

_____

**In re:  KNAUF INSULATION, INC., KNAUF INSULATION SPRL,**
*Petitioners*

_____

2022-166

_____

On Petition for Writ of Mandamus to the United States Patent and Trademark Office in Nos. 90/014,801 and 90/014,807.

_____

**ON PETITION AND MOTION**

_____

Before LOURIE, TARANTO, and STARK, *Circuit Judges*.

STARK, *Circuit Judge*.

## O R D E R

Knauf Insulation, Inc. and Knauf Insulation SPRL (collectively, "Knauf") petition for a writ of mandamus to instruct the United States Patent and Trademark Office ("PTO") to terminate pending *ex parte* reexamination proceedings.  Knauf also moves for a stay of the reexamination proceedings pending review of its mandamus petition.  The PTO, as well as Johns Manville Corp. and Johns Manville Inc. (collectively, "Johns Manville"), oppose the petition and the motion.  Knauf replies.

BACKGROUND

Under the *ex parte* reexamination statutory regime, if the Director determines that a petitioner has raised "a substantial new question of patentability" the Director may "order . . . reexamination of the patent for resolution of the question." 35 U.S.C. § 304. In determining whether to institute reexamination, the Director "may take into account whether, and reject the petition or request because, the same or substantially the same prior art or arguments previously were presented to the Office." 35 U.S.C. § 325(d).

In January 2015, Knauf sued Johns Manville in district court, alleging infringement of eight patents, including U.S. Patent No. 9,464,207 ("the '207 patent") and U.S. Patent No. 9,926,464 ("the '464 patent"). In response, Johns Manville filed numerous petitions for post-grant proceedings to challenge the patents. With respect to the '207 patent and the '464 patent, Johns Manville filed petitions for *inter partes* review ("IPR") in 2018 that were not instituted and requests for *ex parte* reexamination in 2020 that resulted in confirmation of the patentability of the challenged claims. In July 2021, Johns Manville filed two more requests for *ex parte* reexamination of the '207 and the '464 patents presenting grounds that differed from the grounds presented in the prior requests for post-grant proceedings. The PTO determined that Johns Manville's most recent requests raised substantial new questions of patentability and therefore ordered reexamination.

Knauf then filed petitions asserting that the decisions granting the requests for *ex parte* reexamination should be vacated pursuant to § 325(d) because the same or substantially the same arguments had been raised in prior proceedings. Citing *In re Vivint, Inc.*, 14 F.4th 1342 (Fed. Cir. 2021), Knauf argued that Johns Manville had engaged in undesirable, incremental petitioning, noting Johns Manville's prior petitions and requests for post-grant proceedings. Knauf further argued that Johns Manville could have

raised the prior art and arguments in its earlier petitions and requests. Knauf also argued that some of the same invalidity issues underlying these proceedings had been initially raised by the examiner during prior reexaminations brought by other requesters concerning the grandparent application of the patents-at-issue.

On August 31, 2022, the Office of Patent Legal Administration ("OPLA"), acting on behalf of the Director of the PTO, issued two decisions denying Knauf's petitions. In each decision, OPLA focused on the discretionary nature of § 325(d) and the specifics of what had been raised to the PTO in prior proceedings and found that the prior art (and associated arguments) presented in the present reexamination proceedings were not the same or substantially the same as those presented in Johns Manville's prior petitions and requests, and noted that these proceedings were the first time any third party had presented the arguments raised by Johns Manville to the PTO regarding these or any related patent.

Knauf then filed this petition for a writ of mandamus challenging the PTO's decision and motions for a stay. We have jurisdiction under 28 U.S.C. §§ 1651(a) and 1295(a)(4)(A). *See Mylan Lab'ys Ltd. v. Janssen Pharmaceutica, N.V.*, 989 F.3d 1375, 1379–81 (Fed. Cir. 2021).

## DISCUSSION

A writ of mandamus is a "drastic and extraordinary remedy" reserved for "exceptional circumstances." *Cheney v. U.S. Dist. Ct. for D.C.*, 542 U.S. 367, 380 (2004) (internal quotation marks and citations omitted). A petitioner must show that it has no other adequate means to obtain the desired relief and has a "clear and indisputable" right to the writ. *Id.* at 380–81 (internal quotation marks and citations omitted). And even when those two requirements are met, the issuing court, in the exercise of its discretion, must still be satisfied that the writ is appropriate under the

circumstances.  *Id.* at 381.  This demanding standard has not been met here.

A post-final decision appeal is an adequate alternative to obtain relief based on a § 325(d) challenge, making mandamus inappropriate.  *See Vivint*, 14 F.4th at 1350–54 (reviewing a § 325(d) decision on appeal from the Board's final decision); *Automated Merch. Sys., Inc. v. Lee*, 782 F.3d 1376, 1382 (Fed. Cir. 2015) (denying petition seeking to terminate ongoing reexamination due to "adequate remedy" of an appeal).  Knauf argues that absent mandamus relief it will be forced to engage in "unlawful" reexamination proceedings.  Pet. at 26.  However, "the burden of participating in the proceedings at issue" is typically insufficient to establish entitlement to the exceptional remedy of mandamus where, as here, the issue may be reviewed in a typical appeal.  *Automated Merch.*, 782 F.3d at 1382; *see Cheney*, 542 U.S. at 380–81 ("[T]he writ will not be used as a substitute for the regular appeals process."); *Bankers Life & Cas. Co. v. Holland*, 346 U.S. 379, 383–84 (1953) (noting that the possibility of a "myriad of legal and practical problems as well as inconvenience" does not ordinarily warrant mandamus).

Nor has Knauf shown a clear right to terminate the reexaminations under § 325(d) based on this court's decision in *Vivint*.  In that case, we held, on direct appeal after final decision, that the PTO had arbitrarily and capriciously applied § 325(d) when it granted the requester's nearly identical petition for *ex parte* reexamination based on the same arguments raised in a previous IPR petition that was denied based on the requester's abusive filing practices.  14 F.4th at 1354.  Here, the PTO made a case-specific exercise of discretion that the prior art (and arguments) were not the same or substantially the same as those previously presented in other proceedings, which does not create the same kind of clear, arbitrary departure from prior PTO determinations that was at issue in *Vivint*.  And whatever the strength of the merits of Knauf's § 325(d)

IN RE: KNAUF INSULATION, INC.                                              5

challenge to that decision may be in an ordinary appeal, it has not shown a clear and indisputable right to mandamus relief.

Accordingly,

IT IS ORDERED THAT:

(1)  The petition is denied.

(2)  The motion for a stay is denied.

FOR THE COURT

November 22, 2022                    /s/ Peter R. Marksteiner
         Date                        Peter R. Marksteiner
                                     Clerk of Court