NOTE: This order is nonprecedential.

# United States Court of Appeals for the Federal Circuit

---

**In re: SOUND VIEW INNOVATIONS, LLC,**
*Petitioner*

---

2022-161

---

On Petition for Writ of Mandamus to the United States Patent and Trademark Office in No. 90/015,011.

---

**ON PETITION**

---

Before LOURIE, TARANTO, and STARK, *Circuit Judges.*

STARK, *Circuit Judge.*

## O R D E R

Sound View Innovations, LLC petitions for a writ of mandamus to vacate the United States Patent and Trademark Office's ("PTO") order granting a request for *ex parte* reexamination and to remand with instructions to terminate proceedings. The Director of the PTO opposes the petition. Sound View replies. We deny the petition.

BACKGROUND

Sound View is the owner of U.S. Patent No. 6,708,213 ("the '213 patent"), which relates to caching of streaming multimedia data from a content provider over a network to

a client's computer.  In 2019, Sound View filed a patent infringement suit against DISH Network L.L.C., DISH Technologies, L.L.C., and Sling TV L.L.C. (collectively, "DISH"). In 2020, DISH petitioned the PTO for *inter partes* review ("IPR"), arguing that claim 16 of the '213 patent was anticipated and/or obvious based on two references: Sen and Geagan.[*]  The Patent Trial and Appeal Board denied the petition, finding no reasonable likelihood of prevailing on those challenges.  In particular, the Board determined that DISH had not shown a reasonable likelihood that Sen and Geagan taught the claimed step of "adjusting a data transfer rate," *DISH Network LLC v. Sound View Innovations, LLC*, No. IPR2020-00969, 2020 WL 6951823, at *13 (P.T.A.B. Nov. 25, 2020).

Five months later, DISH requested *ex parte* reexamination of claim 16 of the '213 patent based on Sen and Geagan in combination with a new reference, Zheng, which DISH alleged "discloses adjusting a data rate, to the extent that adjusting a data transfer rate is not disclosed by the combination of Sen and Geagan."  Appx029.  In response, Sound View petitioned the PTO to reject DISH's reexamination request under 35 U.S.C. § 325(d), arguing that the reexamination request raised "substantially the same" art or arguments that were raised by DISH in the prior IPR petition.  Appx137 (quoting the language of § 325(d)).

On June 16, 2022, the examiner granted DISH's request and ordered reexamination of claim 16, determining that the combination of Sen, Geagan, and Zheng raised a substantial new question of patentability with respect to

---

[*]    Hulu, LLC and Walmart Inc. et al. also filed separate IPR petitions challenging the same patent.  The PTO denied institution based on Hulu's petition, which relied on different prior art than in DISH's petition. Walmart et al.'s petition also relied on the Sen reference, but those parties settled before the PTO issued a decision on institution.

claim 16.  In rejecting Sound View's § 325(d) arguments, which were based on this court's decision in *In re Vivint, Inc.*, 14 F.4th 1342 (Fed. Cir. 2021), the examiner found that the reexamination petition was based on different grounds than DISH's prior IPR petition that was denied and the "requester has not presented serial challenges to the '213 patent, other than the single prior IPR petition." Appx014.  Sound View then filed this mandamus petition challenging that decision.  We have jurisdiction under 28 U.S.C. §§ 1651(a) and 1295(a)(4)(A).  *See Mylan Lab'ys Ltd. v. Janssen Pharmaceutica, N.V.*, 989 F.3d 1375, 1379–81 (Fed. Cir. 2021).

## DISCUSSION

A writ of mandamus is a "drastic and extraordinary remedy" reserved for "exceptional circumstances." *Cheney v. U.S. Dist. Ct. for D.C.*, 542 U.S. 367, 380 (2004) (internal quotation marks and citations omitted).  A petitioner must show that it has no other adequate means to obtain the desired relief and has a "clear and indisputable" right to the writ.  *Id*. at 380–81 (internal quotation marks and citations omitted).  And even when those two requirements are met, the issuing court, in the exercise of its discretion, must still be satisfied that the writ is appropriate under the circumstances.  *Id*. at 381.  This demanding standard has not been met here.

Mandamus relief is unavailable because a post-final decision appeal is an adequate remedy by which Sound View may seek to obtain relief based on its § 325(d) challenge.  *See Vivint*, 14 F.4th at 1350–54 (reviewing a § 325(d) challenge following appeal from the Board's final decision); *see also Automated Merch. Sys., Inc. v. Lee*, 782 F.3d 1376, 1382 (Fed. Cir. 2015) (denying petition seeking to terminate ongoing reexamination due to "adequate remedy" of an appeal).  Sound View argues that it will be forced to endure a wasteful and burdensome validity challenge to achieve meaningful judicial review.  However, "the burden

of participating in the proceedings at issue" is typically insufficient to establish entitlement to the exceptional remedy of mandamus where, as here, the issue may be reviewed in a typical appeal. *Automated Merch. Sys.*, 782 F.3d at 1382; *see Cheney*, 542 U.S. at 380–81 ("[T]he writ will not be used as a substitute for the regular appeals process."); *Bankers Life & Cas. Co. v. Holland*, 346 U.S. 379, 383–84 (1953) (noting that the possibility of a "myriad of legal and practical problems as well as inconvenience" does not ordinarily warrant mandamus).

Moreover, without drawing any definitive conclusion, we cannot say that Sound View has shown a clear and indisputable right to terminate the reexamination proceedings under § 325(d). The examiner concluded that the addition of the Zheng reference presented different arguments that addressed in a different way the claimed limitation the Board found petitioner had not shown to be present in the reference combination underlying the earlier IPR petition. Appx012–013. That determination has not been shown by Sound View to be so clearly contrary to the law or the record as to warrant mandamus.

Sound View's reliance on our decision in *Vivint* does not change that calculus. In that case, we held, on direct appeal after a final decision, that the PTO had arbitrarily and capriciously applied § 325(d) when it granted the requester's nearly identical request for *ex parte* reexamination based on the same arguments raised in its previous IPR petition that was denied based on the requester's abusive filing practices. 14 F.4th at 1354. Here, the PTO's decision to allow the reexamination to proceed was a case-specific exercise of discretion that does not create the same kind of clear, arbitrary departure from prior agency decisions that was at issue in *Vivint*. And whatever the strength of the merits of Sound View's § 325(d) challenge to that decision may be in an ordinary appeal, it has not shown a clear and indisputable right to mandamus relief.

IN RE: SOUND VIEW INNOVATIONS, LLC                              5

Accordingly,

IT IS ORDERED THAT:

The petition is denied.

FOR THE COURT

November 22, 2022                    /s/ Peter R. Marksteiner
       Date                        Peter R. Marksteiner
                              Clerk of Court

IN RE: SOUND VIEW INNOVATIONS, LLC                              5