PER CURIAM.

ORDER

Philip D. Donohoe petitions for a writ of mandamus directing the Merit Systems Protection Board to stop issuing remand orders under Butterbaugh v. Department of Justice, 836 F.3d 1332 (Fed.Cir.2003) and for “declaratory relief.” Donohoe also submits a “Notice of Respondent Counsel’s Conflict of Interest” and a “request for relief.”
Under 5 U.S.C. § 6323(a)(1), federal government employees who are members of the Armed Forces Reserve components are entitled to 15 days of annual military leave “without loss in pay, time, or performance or efficiency rating for active duty [or] inactive-duty training.” In But-terbaugh, we held that the practice of charging military reservists leave on days they were not scheduled to work was contrary to section 6326 and constituted the denial of a benefit of employment in violation of the Uniformed Services Employment and Reemployment Rights Act of 1994, 38 U.S.C. §§ 4301M333. We remanded the matter for further proceedings. On remand, the Board in Butter-baugh ordered the government to correct its records to reflect that no military leave was charged for any improper days. See Butterbaugh v. Department of Justice, 101 M.S.P.R. 202, 203 (2004).
It appears that Donohoe is a civilian employee of the Department of the Air Force. He does not state that he has a case before the Board and does not identify any particular case. Nevertheless, Do-nohoe petitions this court to issue a writ of mandamus to stop what he considers the flawed practice of Butterbaugh remands involving other employees. Essentially, Donohoe contends that our decision in Butterbaugh wrongfully assumed that the government’s practices were motivated by the employee’s military status or performance. He further contends that because there is no requisite finding of improper motivation, this court should direct the Board to stop issuing remand orders under Butterbaugh in cases involving other employees.
We must first address the threshold question of whether we have jurisdiction to grant the requested relief. The All Writs Act provides that the federal courts “may issue all writs necessary or appropriate in aid of their respective jurisdictions and agreeable to the usages and principles of law.” 28 U.S.C. § 1651(a). As this statutory language makes clear, the Act is not itself a grant of jurisdiction. “While the All Writs Act authorizes employment of extraordinary writs, it confines the authority to the issuance of process ‘in aid of the issuing court’s jurisdiction ... [T]he Act does not enlarge that jurisdiction.” Clinton v. Goldsmith, 526 U.S. 529, 534-35, 119 S.Ct. 1538, 143 L.Ed.2d 720 (1999).
Donohoe’s grievance is aimed at the Merit Systems Protection Board, and this court has exclusive jurisdiction to review final orders and decisions from that forum. See 28 U.S.C. § 1295(a)(9). However, our review of the Board under the All Writs Act must be done within proper constitutional and prudential limitations. Article III of the Constitution requires that petitioners seeking relief under the All Writs Act demonstrate that federal judicial power is being properly exercised over actual “cases” or “controversies.” Allen v. Wright, 468 U.S. 737, 104 S.Ct. 3315, 82 L.Ed.2d 556 (1984).
Donohoe did not seek remedy from the Board or initiate any proceeding at the Board before seeking relief from this court. Thus, we do not have authority under the All Writs Act to issue a writ of mandamus “in aid of’ prospective jurisdiction. See In re Tennant, 359 F.3d 523, 529 *359 (D.C.Cir.2004) (“It is one thing to say that we have such authority when, in the formulation used by the Supreme Court, a case is “within [our] appellate jurisdiction although no appeal has been perfected.’ [citation omitted]. It is quite another to claim such power solely on the basis that events might lead to a filing before an agency or lower court, which might lead to an appeal to this court.”).
Accordingly,
IT IS ORDERED THAT:
(1) The petition for a writ of mandamus is dismissed.
(2) All other requests for relief are denied.