NOTE: This order is nonprecedential.

# United States Court of Appeals for the Federal Circuit

---

**In re: B.E. TECHNOLOGY, L.L.C.,**
*Petitioner*

---

2022-114

---

On Petition for Writ of Mandamus to the United States Patent and Trademark Office in Nos. IPR2021-00482, IPR2021-00483, IPR2021-00484, and IPR2021-00485.

---

**ON PETITION**

---

Before MOORE, *Chief Judge*, DYK and STOLL, *Circuit Judges*.

MOORE, *Chief Judge*.

## O R D E R

B.E. Technology, L.L.C. ("B.E.") petitions this court for a writ of mandamus challenging decisions of the Patent Trial and Appeal Board instituting *inter partes* review proceedings. Twitter, Inc. and Google LLC oppose.

B.E. owns several patents relating to user interfaces that provide advertising over a global computer network. In May 2020, B.E. filed suit in federal district court, alleging that Twitter and Google infringe three of its patents. While those cases were pending, Google and Twitter each

petitioned the United States Patent and Trademark Office to review the patents. B.E. opposed, raising various constitutional challenges. In September 2021, the Board instituted review.

B.E. now petitions for a writ of mandamus seeking to terminate those proceedings, arguing that such review amounts to a violation of its due process rights. Specifically, B.E. argues that the compensation structure of administrative patent judges (APJs) undermines their ability to act as impartial adjudicators, Pet. at 27; "USPTO leadership routinely abuses its case-assignment authority and 'stacks' APJ panels to control adjudicative outcomes," *id.* at 32; and a "secret" AIA Review Committee deprives B.E. of its right to know whether officials are attempting to improperly influence a decision, *id.* at 34.

Mandamus is "reserved for extraordinary situations." *Gulfstream Aerospace Corp. v. Mayacamas Corp.*, 485 U.S. 271, 289 (1988) (citation omitted). Under the standard for obtaining mandamus relief, the petitioner must: (1) show it does not have any other method of obtaining relief; (2) show that it has a clear and indisputable legal right; and (3) convince the court that the "writ is appropriate under the circumstances." *Cheney v. U.S. Dist. Ct. for D.C.*, 542 U.S. 367, 380–81 (2004) (citation omitted). B.E. fails to meet these necessary conditions for mandamus relief.

B.E. has available means to raise its due process challenge on review from final written decisions. *See Sec. People, Inc. v. Iancu*, 971 F.3d 1355, 1359 (Fed. Cir. 2020) ("[T]his court . . . can meaningfully address constitutional questions on appeal."); *Mylan Lab'ys Ltd. v. Janssen Pharmaceutica, N.V.*, 989 F.3d 1375, 1382 n.5 (Fed. Cir. 2021) ("We note that the Supreme Court has suggested decisions granting institution may be reviewable (to a limited extent) on direct appeal from a final written decision.").

B.E. also has not shown clear legal entitlement to termination of these proceedings. This court has considered

and rejected similar arguments that the APJs' compensation structure violates due process. *See Mobility Workx, LLC v. Unified Pats., LLC*, 15 F.4th 1146, 1150 (Fed. Cir. 2021). B.E. has not shown a clear right to a different result here by relying primarily on a self-published article that is outside of the record. B.E.'s other arguments concerning panel stacking and AIA Review Committees rely on nothing more than speculation and conjecture that USPTO leadership may attempt to improperly influence these proceedings in favor of Google and Twitter.

Accordingly,

IT IS ORDERED THAT:

(1) The petition is denied.

(2) Costs to Google and Twitter.

FOR THE COURT

February 11, 2022                /s/ Peter R. Marksteiner
      Date                              Peter R. Marksteiner
                             Clerk of Court