NOTE:  This order is nonprecedential.

# United States Court of Appeals for the Federal Circuit

---

**In re:  ROKU, INC.,**
*Petitioner*

---

2022-116, 2022-117, 2022-118

---

On Petitions for Writ of Mandamus to the United States Patent and Trademark Office in Nos. IPR2021-00263, IPR2021-00264, and IPR2021-00299.

-----------------------------------------------------

**ROKU, INC.,**
*Appellant*

**v.**

**UNIVERSAL ELECTRONICS, INC.,**
*Appellee*

---

2022-1216, 2022-1217, 2022-1218

---

Appeals from the United States Patent and Trademark Office, Patent Trial and Appeal Board in Nos. IPR2021-00263, IPR2021-00264, and IPR2021-00299.

---

**ON PETITIONS**

————————————

Before DYK, REYNA, and CHEN, *Circuit Judges.*

DYK, *Circuit Judge.*

## **O R D E R**

Roku, Inc. directly appeals the Patent Trial and Appeal Board's decisions declining institution of *inter partes* review of two patents owned by Universal Electronics, Inc. In reaching that determination, the Board relied on the advanced stage of co-pending parallel proceedings before the International Trade Commission (ITC) involving the same patents and overlapping invalidity arguments. Roku has also filed related petitions for writs of mandamus seeking review of those same non-institution decisions.

We reaffirmed in *Mylan Laboratories Ltd. v. Janssen Pharmaceutica, N.V.*, 989 F.3d 1375, 1378–79 (Fed. Cir. 2021) that the Board's discretionary decision to decline institution of *inter partes* review, including decisions based on the Board's multi-factor standard for evaluating whether to institute in view of parallel civil litigation, is "final and ***nonappealable***." (quoting 35 U.S.C. § 314(d)). We also made clear that, given the fact that the decision to institute *inter partes* review is committed to the discretion of the agency, "there is no reviewability of the Director's exercise of his discretion to deny institution [by way of a petition for a writ of mandamus] except for colorable constitutional claims." *Id.* at 1382.

Roku has not provided a sufficient justification for distinguishing *Mylan* here. Roku argues that the *ITC*, unlike a district court, cannot issue a decision on patent validity with preclusive effect in other forums, but that does not mean the *Board's* non-institution decisions are any less "final and nonappealable" under section 314(d). Regardless of parallel proceedings, "no statute confers jurisdiction over appeals from decisions denying institution," and "[w]ithout

IN RE: ROKU, INC.                                                                3

such a statute, we lack jurisdiction over those appeals." *Id.* at 1379 (citation omitted).  And Roku has not presented a colorable constitutional claim.  As in *Mylan*, Roku's petitions  merely challenge the Board's exercise of discretion not to institute review proceedings.  Pet. 3–4.  Under such circumstances, we must dismiss Roku's direct appeals, and we deny its requests for mandamus relief.

Accordingly,

IT IS ORDERED THAT:

(1)  Appeal Nos. 2022-1216, -1217, -1218 are dismissed.

(2)  The mandamus petitions are denied.

(3) Costs in Appeal Nos. 2022-1216, -1217, -1218 to Universal Electronics, Inc.

FOR THE COURT

May 11, 2022                               /s/ Peter R. Marksteiner
      Date                                 Peter R. Marksteiner
                                           Clerk of Court