NOTE: This order is nonprecedential.

# United States Court of Appeals for the Federal Circuit

_____

**In Re HIGHLEVEL, INC.,**
*Petitioner*

_____

2025-148

_____

On Petition for Writ of Mandamus to the United States Patent and Trademark Office in Nos. IPR2025-00234 and IPR2025-00235.

_____

**ON PETITION**

_____

Before PROST, CHEN, and HUGHES, *Circuit Judges*.

PER CURIAM.

## O R D E R

HighLevel, Inc. petitioned for *inter partes* review ("IPR") of patents owned by Etison LLC, doing business as ClickFunnels ("ClickFunnels"). The Patent Trial and Appeal Board declined to institute IPR proceedings. High-Level now seeks a writ of mandamus directing the United States Patent and Trademark Office ("PTO") to vacate and reconsider the institution decisions. We deny that request for relief.

## I.

ClickFunnels owns two patents relating to a website-creation system at issue in this case: U.S. Patent Nos. 10,846,357 and 11,361,047. In April 2024, ClickFunnels sued HighLevel for infringement. In December 2024, High-Level filed two petitions seeking IPR of the patents.

At the time HighLevel filed its petitions, the Director had in place interim guidance directing the Board not to "discretionarily deny institution in view of parallel district court litigation where a petitioner presents a stipulation not to pursue in a parallel proceeding the same grounds or any grounds that could have reasonably been raised before" the agency. Appx24. ClickFunnels so stipulated. However, on February 28, 2025, that guidance was rescinded. And on March 26, 2025, additional processes were implemented by the Acting Director; among them, permitting parties to address all relevant considerations, including "[w]hether the [Board] or another forum has already adjudicated the validity or patentability of the challenged patent claims." Appx45.

On June 2, 2025, after being informed that the district court had determined that the patents claim ineligible subject matter under 35 U.S.C. § 101, the Board denied the petitions. Following the reasoning in *Hulu, LLC v. Piranha Media Distribut., LLC*, No. IPR2024-01252 (P.T.A.B. Apr. 17, 2025), which was designated as "informative," the Board concluded "the efficiency and integrity of the patent system is best served by denying institution." Appx12. On August 13, 2025, the PTO denied Director review. High-Level then filed this petition, raising constitutional and statutory challenges.

## II.

"The remedy of mandamus is a drastic one, to be invoked only in extraordinary situations." *Kerr v. U.S. Dist. Ct. for N. Dist. of Cal.*, 426 U.S. 394, 402 (1976).

Accordingly, "three conditions must be satisfied before it may issue." *Cheney v. U.S. Dist. Ct. for D.C.*, 542 U.S. 367, 380 (2004).  The petitioner must show a "clear and indisputable" right to relief.  *Id.* at 381 (quoting *Kerr,* 426 U.S. at 403).  The petitioner must "lack adequate alternative means to obtain the relief" it seeks.  *Mallard v. U.S. Dist. Ct. for S. Dist. of Iowa,* 490 U.S. 296, 309 (1989); *Cheney,* 542 U.S. at 380.  And "even if the first two prerequisites have been met, the issuing court, in the exercise of its discretion, must be satisfied that the writ is appropriate under the circumstances." *Cheney*, 542 U.S. at 381.

Given Congress committed institution decisions to the Director's discretion, *SAS Inst., Inc. v. Iancu*, 584 U.S. 357, 366 (2018), and protected exercise of that discretion from judicial review by making such determinations "final and nonappealable," 35 U.S.C. § 314(d), mandamus is ordinarily unavailable for review of institution decisions.  *Mylan Lab'ys Ltd. v. Janssen Pharmaceutica, N.V.*, 989 F.3d 1375, 1382 (Fed. Cir. 2021).  That general prohibition bars review of decisions denying institution of IPR proceedings for efficiency reasons based on parallel district court litigation involving the same patents, *id.* at 1378–79, 1381.  We have noted possible exceptions for "colorable constitutional claims," *id.* at 1382, and certain statutory challenges, *see Apple Inc. v. Vidal*, 63 F. 4th 1, 12 n.5 (Fed. Cir. 2023).  But no such claims have been presented here.

HighLevel's constitutional challenges, like those raised in *In re Motorola Solutions, Inc.*, No. 2025-134, 2025 WL 3096514 (Fed. Cir. Nov. 6, 2025), fail to present the kind of property rights or retroactivity concerns that might give rise to a cognizable Due Process Clause claim.  *See Mylan*, 989 F.3d at 1383.  Like Motorola, HighLevel identifies no "constitutionally protected right for its petition to be considered" based on only certain criteria and certainly "no [constitutional] right to an IPR." *Motorola*, 2025 WL 3096514, at *4 (quoting *Mylan*, 989 F.3d at 1383).  HighLevel's mere reliance that the PTO would evaluate its

petition without regard to efficiency concerns based on parallel litigation, moreover, is insufficient to establish a constitutional due process violation. *Id.* (citing *United States v. Carlton*, 512 U.S. 26, 33 (1994)).

HighLevel likewise has not presented a non-constitutional claim that is mandamus-worthy. The Board reviewed the petitions based on its discretionary factors for determining whether to deny IPR in situations where there are parallel civil proceedings. The Board concluded that, in light of the district court's § 101 decision, conducting IPR would not be an efficient use of agency and party resources. In circumstances like these, we have not exercised mandamus authority to disturb a denial of institution decision and see no basis to do so here either. *See Mylan*, 989 F.3d at 1382 (holding a petitioner has no right to mandamus relief when non-constitutional challenge is to "the Director's exercise of [] discretion to deny institution").

HighLevel argues the PTO was required to promulgate such considerations for institution through notice-and-comment rulemaking procedures. But that challenge, like the related challenge in *Motorola*, can be raised in an APA action in federal district court, such that there appears to be an adequate alternative avenue for relief. *Motorola*, 2025 WL 3096514 at *5 ("[O]n that issue, there appears to be no dispute that an APA action in federal district court affords Motorola an available avenue to raise this same challenge"); *see also Apple*, 63 F.4th at 14. While HighLevel seeks to use this challenge to vacate the non-institution decisions and reconsider institution based on only certain criteria, as explained in *Motorola*, "that request is nothing but an attempted end run around § 314(d)'s bar on review" and foreclosed by precedent. *Motorola*, 2025 WL 3096514 at *5. We thus reject that challenge as well.

Accordingly,

IN RE HIGHLEVEL, INC.                                              5

IT IS ORDERED THAT:

(1) The petition is denied.

(2) The motion for leave to file a brief amici curiae is granted and the corresponding brief is accepted for filing.

FOR THE COURT

December 9, 2025
Date

Jarrett B. Perlow
Clerk of Court