NOTE:  This order is nonprecedential.

# United States Court of Appeals
# for the Federal Circuit

———————————

**In Re INTEL CORPORATION, LENOVO (UNITED STATES) INC.,**
*Petitioners*

———————————

2026-113

———————————

On Petition for Writ of Mandamus to the United States Patent and Trademark Office in No. IPR2025-00838.

———————————

**ON PETITION**

———————————

Before TARANTO, MAYER, and STARK, *Circuit Judges*.

PER CURIAM.

### O R D E R

Intel Corporation and Lenovo (United States) Inc. (collectively, "Intel") petition for a writ of mandamus challenging the denial of their request for institution of *inter partes* review ("IPR") of USTA Technology, LLC's patent.  USTA and the Director of the United States Patent and Trademark Office ("PTO" or "Office") oppose the petition.  For the following reasons, we deny mandamus relief.

## I.

USTA owns U.S. Patent No. RE47,720, which relates to increasing spectrum in a wireless network.

Several months before Intel sought IPR, the PTO ordered *ex parte* reexamination ("EPR") of the '720 patent. In a non-final office action in March 2025, the examiner rejected the challenged claims. The following month, Intel filed the present IPR petition, arguing, *inter alia*, that the challenged claims would have been obvious over a prior art reference (Walton) in combination with other references. In June 2025, USTA filed in the EPR its response to the office action and a disclosure statement containing Intel's petition and Walton. In July 2025, the PTO issued a reexamination certificate and ended the EPR.

In October 2025, the PTO discretionarily denied institution of Intel's IPR petition. It agreed with Intel that the examiner did not appear to consider Walton during the EPR and that Walton is material to at least one of the challenged patent claims. However, the PTO determined that, under the circumstances, "the most efficient process for the Office" is "not to refer the [p]etition" to the Patent Trial and Appeal Board, but for Intel "to file a reexamination request that includes Walton." Appx2. Intel now seeks mandamus relief to compel the PTO to vacate its non-institution decision and reconsider institution.

## II.

The standard for mandamus relief is demanding. Intel must show, among other things, that it has a clear and indisputable right to the relief it seeks. *Cheney v. U.S. Dist. Ct. for D.C.*, 542 U.S. 367, 380–81 (2004). Given Congress committed institution decisions to the Director's discretion, even when the statutory pre-conditions are present, *SAS Inst., Inc. v. Iancu*, 584 U.S. 357, 366 (2018); *Apple Inc. v. Squires*, ___ F.4th ___, 2026 WL 406495, at *1 (Fed. Cir. Feb. 13, 2026), and protected the exercise of that discretion

from review by making such determinations "final and nonappealable," 35 U.S.C. § 314(d), we have recognized that mandamus is ordinarily unavailable for review of institution decisions. *Mylan Lab'ys Ltd. v. Janssen Pharmaceutica, N.V.*, 989 F.3d 1375, 1382 (Fed. Cir. 2021). We noted an exception for "colorable constitutional claims," *id.*, but cannot say that Intel has presented such a claim here.

Intel argues the PTO exceeded its authority by denying IPR "merely because EPR exists as an alternative" to challenge the patent claims. Pet. at 9. But that is not a fair characterization of the PTO's rationale for denying institution in this case. The PTO did not, as Intel suggests here, act to categorically foreclose access to IPR. The PTO simply concluded that EPR, rather than IPR, would be the most efficient use of resources here because of the examiner's greater familiarity with the underlying issues. Intel has not shown any clear and indisputable entitlement to disturb that fact-specific conclusion given the limits on our reviewability of non-institution decisions.

Intel's statutory-based challenges, like those in other cases where we have denied mandamus relief, are at bottom merely challenges to what factors the Director may consider when deciding whether to institute IPR and to the PTO's exercise of discretion not to institute such review. Such challenges are beyond our review. *See Mylan*, 989 F.3d at 1382 ("Given the limits on our reviewability, Mylan's *ultra vires* argument cannot be a basis for granting the petition for mandamus."); *see also In re Motorola Sols., Inc.*, 159 F.4th 30, 38 (Fed. Cir. 2025); *Apple Inc. v. Vidal*, 63 F.4th 1, 12 (Fed. Cir. 2023) (noting § 314(d)'s bar on review applies to challenges that "focus directly and expressly on institution standards"); *In re Cambridge Indus. USA, Inc.*, No. 2026-101, 2025 WL 3526129 (Fed. Cir. Dec. 9, 2025).

Intel has also not presented a colorable constitutional claim. It has not shown the PTO violated the Due Process

Clause based merely on acceptance of IPR filing fees and Intel's unilateral expectation that IPR would not be denied in favor of other administrative review proceedings. *See Motorola Sols., Inc.*, 159 F.4th at 37–38 (holding that even if petitioner relied on PTO practice at the time "when it undertook the expense of filing the petitions," that "reliance alone is insufficient to establish a constitutional violation" (quoting *United States v. Carlton*, 512 U.S. 26, 33 (1994))); *Mylan*, 989 F.3d at 1383 (finding no requisite property right for a petitioner's Due Process Clause claim to IPR or a specific set of criteria to decide whether to institute); *cf. See Apple*, ___ F.4th ___, 2026 WL 406495, at *8 (noting that "[a] non-institution decision has no legal effect on the underlying patent rights and obligations").

Nor has Intel presented a colorable equal protection claim. Intel's arguments that the PTO "had no rational basis for requiring EPR over IPR in this case but not others," Pet. at 22, and that the PTO "ignor[ed]" its precedent on whether to deny institution under 35 U.S.C. § 325(d), *id.* at 23–27, amount to nothing more than disagreements with the outcome and how the PTO may have applied (or not applied) certain statutes related to institution. As such, they do not present reviewable challenges. *See Cuozzo Speed Techs. v. Lee*, 579 U.S. 261, 274–75 (2016) ("[T]he application and interpretation of statutes related to the Patent Office's decision to initiate inter partes review" are not generally reviewable.); *cf. Kechkar v. Gonzales*, 500 F.3d 1080, 1084 (10th Cir. 2007) (holding no colorable constitutional claim was presented when petitioner merely argued that the evidence was "incorrectly weighed, insufficiently considered, or supports a different outcome").

We have considered Intel's remaining arguments and find them unpersuasive.

Accordingly,

IT IS ORDERED THAT:

The petition is denied.

FOR THE COURT

Jarrett B. Perlow
Clerk of Court

February 24, 2026
Date