NOTE:  This order is nonprecedential.

# United States Court of Appeals for the Federal Circuit

---

**In Re TESSELL, INC.,**
*Petitioner*

---

2026-117

---

On Petition for Writ of Mandamus to the United States Patent and Trademark Office in Nos. IPR2025-00298, IPR2025-00322, IPR2025-00732, and IPR2025-00733.

---

## ON PETITION AND MOTION

---

Before TARANTO, MAYER, and STARK, *Circuit Judges*.

PER CURIAM.

## O R D E R

Tessell, Inc. sought *inter partes* review ("IPR") of patents owned by Nutanix, Inc. that name Tessell's founders and employees as inventors.  The Acting Director of the United States Patent and Trademark Office ("PTO") denied institution, determining review would not be an appropriate use of agency resources.  Tessell now seeks a writ of mandamus to compel the Director to vacate those decisions and order further proceedings.  The Director and Nutanix oppose.  We deny Tessell's petition.

## I.

The four patents at issue in this case name Balasubrahmanyam Kuchibhotla, Kamaldeep Khanuja, Bakul Banthia, Sujit Menon, Maneesh Rawat, and Sagar Sontakke as inventors. The applications that would eventually be issued as the challenged patents here were assigned to Nutanix—the company Messrs. Kuchibhotla, Khanuja, Banthia, Menon, Rawat, and Sontakke worked for at the time of the inventions. In 2021, Messrs. Kuchibhotla, Khanuja, and Banthia left Nutanix and founded Tessell. Messrs. Menon, Rawat, and Sontakke would later leave Nutanix to join them as Tessell employees.

Between December 2024 and March 2025, Tessell filed four petitions seeking IPR of the patents.[1] In June 2025, the Patent Trial and Appeal Board instituted IPR proceedings on one of the patents (U.S. Patent No. 11,860,818). In August 2025, however, the Acting Director[2] vacated that decision and denied Tessell's petition. She recognized that "[a]ssignor estoppel does not apply in *inter partes* reviews," ECF No. 2 at 44, but, in exercising her discretionary authority over whether to institute proceedings, concluded that it would not be "an efficient use of Office resources to institute an IPR on a patent where the inventors of that patent now advocate for its unpatentability," *id*. at 45.

The Acting Director subsequently granted Nutanix's requests to discretionarily deny Tessell's petitions

---

[1]    Nutanix filed a lawsuit in the United States District Court for the Northern District of California against Tessell alleging infringement of the patents. Those proceedings have been stayed since March 2025 pending arbitration. *Nutanix, Inc. v. Tessell, Inc.*, No. 3:24-cv-01729 (N.D. Cal. Mar. 12, 2025), Dkt. No. 63.

[2]    John A. Squires was subsequently confirmed as PTO Director.

challenging the remaining patents for the same reasons. Tessell then filed this petition seeking a writ to compel the PTO to vacate those decisions, to order the Director to reinstate the decision to institute IPR on the '818 patent, and to direct the PTO to consider its petitions on the other patents on "the merits." *Id.* at 36–37.

## II.

The standard for mandamus relief is demanding. Tessell must show, among other things, that it has a clear and indisputable right to the relief it seeks. *Cheney v. U.S. Dist. Ct. for D.C.*, 542 U.S. 367, 380–81 (2004). Given Congress committed institution decisions to the Director's discretion, even when the statutory pre-conditions are present, *SAS Inst., Inc. v. Iancu*, 584 U.S. 357, 366 (2018); *Apple Inc. v. Squires*, ___ F.4th ___, 2026 WL 406495, at *1 (Fed. Cir. Feb. 13, 2026), and protected the exercise of that discretion from review by making such determinations "final and nonappealable," 35 U.S.C. § 314(d), we have recognized that mandamus is ordinarily unavailable for review of institution decisions. *Mylan Lab'ys Ltd. v. Janssen Pharmaceutica, N.V.*, 989 F.3d 1375, 1382 (Fed. Cir. 2021). We noted an exception for "colorable constitutional claims," *id.* at 1382, but cannot say that Tessell has presented such a claim here.

Tessell primarily argues that the PTO exceeded its authority under 35 U.S.C. § 311(a), which provides, in relevant part, that "a person who is not the owner of a patent may file with the Office a petition to institute an inter partes review of the patent." Tessell relies on *Arista Networks, Inc. v. Cisco Systems, Inc.*, 908 F.3d 792, 804 (Fed. Cir. 2018), a case in which this court rejected an interpretation of § 311(a) that would bar an assignor from filing a petition for IPR. But *Arista* is materially distinguishable from the circumstances here, because *Arista* involved the review of a final written decision and not a discretionary denial of institution. Moreover, at bottom, Tessell is

challenging whether the PTO erred in applying a statute related to decisions on institution. Given the general bar on review of such challenges, *see Thryv, Inc. v. Click-to-Call Techs., LP*, 590 U.S. 45, 58–59 (2020), we cannot say Tessell has shown a clear right to relief.

Tessell also argues that the PTO violated the Due Process Clause because the Director's prior designation of the Patent Trial and Appeal Board's decision in *Athena Automation Ltd. v. Husky Injection Molding Systems Ltd.*, No. IPR2013-00290 (P.T.A.B. Oct. 25, 2013), as precedential placed a substantive limitation on the Acting Director's discretion. But we rejected an analogous argument in *In re Motorola Solutions, Inc.*, 159 F.4th 30 (Fed. Cir. 2025)— where the petitioner was similarly claiming a property interest in rescinded Director guidance binding on only the Board for its exercise of delegated non-institution authority. Like the Director's prior interim guidance in *Motorola*, here the Director's direction to the Board in the form of a precedential Board decision to govern later Board decisions does not require the PTO to reach any particular outcome on a petition or otherwise create a cognizable property interest in IPR review that might conceivably give rise to a colorable due process claim. *See Apple*, ___ F.4th ___, 2026 WL 406495, at *8 (noting that such guidance "leaves a patent challenger's actual legal rights and obligations unchanged" and "what they would be if Congress had not enacted the IPR regime (which it enacted only with protected Director discretion about institution)").

Accordingly,

IT IS ORDERED THAT:

(1) All motions for leave to file briefs amici curiae are granted and the corresponding briefs are accepted for filing.

IN RE TESSELL, INC.                                                                    5

(2)  The petition is denied.

FOR THE COURT

Jarrett B. Perlow
Clerk of Court

February 24, 2026
Date