NOTE: This order is nonprecedential.

# United States Court of Appeals for the Federal Circuit

---

**In Re KAHOOT! AS,**
*Petitioner*

---

2026-119

---

On Petition for Writ of Mandamus to the United States Patent and Trademark Office in No. IPR2025-00696.

---

**ON PETITION AND MOTION**

---

Before TARANTO, MAYER, and STARK, *Circuit Judges*.

PER CURIAM.

## O R D E R

The Director of the United States Patent and Trademark Office denied Kahoot! AS's petition for *inter partes* review ("IPR") of Interstellar Inc.'s patent. In particular, the Director reasoned that the "patent has been in force for over six years, creating strong settled expectations," and Kahoot! had failed to show IPR would be "an appropriate use of [Patent Trial and Appeal] Board resources under these circumstances." Appx287. Kahoot! now petitions for a writ of mandamus directing the PTO to vacate and reconsider without relying on "settled expectations." Amici

move for leave to file briefs in support, and the Director and Interstellar oppose the petition.

The standard for mandamus relief is demanding. Kahoot! must show, among other things, that it has a clear and indisputable right to the relief it seeks. *Cheney v. U.S. Dist. Ct. for D.C.*, 542 U.S. 367, 380–81 (2004). We cannot say Kahoot! has made that showing here.

Given Congress committed institution decisions to the Director's discretion, even when the statutory pre-conditions are present, *SAS Inst., Inc. v. Iancu*, 584 U.S. 357, 366 (2018); *Apple Inc. v. Squires*, ___ F.4th ___, 2026 WL 406495, at *1, (Fed. Cir. Feb. 13, 2026), and protected the exercise of that discretion from review by making such determinations "final and nonappealable," 35 U.S.C. § 314(d), we have recognized that, in the absence of colorable constitutional claims (which are not raised here), mandamus is ordinarily unavailable for review of institution decisions. *Mylan Lab'ys Ltd. v. Janssen Pharmaceutica, N.V.*, 989 F.3d 1375, 1382 (Fed. Cir. 2021).

Kahoot! argues that reliance on purported "settled expectations" exceeds the Director's statutory authority. But, on that challenge, its entitlement to relief is anything but clear, as our cases have held these kinds of "*ultra vires* argument[s] cannot be a basis for granting the petition for mandamus." *Id.* at 1382–83; *see also In re Motorola Sols., Inc.*, 159 F.4th 30, 38 (Fed. Cir. 2025); *Apple Inc. v. Vidal*, 63 F.4th 1, 12 (Fed. Cir. 2023) (noting § 314(d)'s bar on review applies to challenges that "focus directly and expressly on institution standards"). Given our limits on review and the demanding standard for relief, we deny the petition.

Accordingly,

IT IS ORDERED THAT:

(1)  The amici motions are granted.

(2)  The petition is denied.

FOR THE COURT

February 25, 2026
Date

Jarrett B. Perlow
Clerk of Court