NOTE:  This order is nonprecedential.

# United States Court of Appeals for the Federal Circuit

---

**In Re TESLA, INC.,**
*Petitioner*

---

2026-116

---

On Petition for Writ of Mandamus to the United States Patent and Trademark Office in Nos. IPR2025-00943, IPR2025-00944, IPR2025-01034 and IPR2025-01035.

---

## ON PETITION AND MOTION

---

Before TARANTO, MAYER, and STARK, *Circuit Judges*.

PER CURIAM.

### O R D E R

In response to Granite Vehicle Ventures LLC filing suit alleging patent infringement, Tesla, Inc. petitioned the United States Patent and Trademark Office ("PTO") for *inter partes* review ("IPR") of the asserted patents. The Director of the PTO, through his delegee, the Deputy Director, denied Tesla's petitions. In particular, the Director reasoned "it is unlikely that a final written decision in [these] proceeding[s] will issue before the district court trial occurs," and such review would result "in significant duplication of effort, additional expense for the parties, and

a risk of inconsistent decisions." Appx2, Appx6. Tesla now petitions this court for a writ of mandamus directing the PTO to vacate the non-institution decisions and reconsider without relying on time-to-trial as a criterion. ECF No. 2-1 at 11. Granite and the Director oppose.

Mandamus is a "drastic and extraordinary remedy reserved for really extraordinary causes." *Cheney v. U.S. Dist. Ct. for D.C.*, 542 U.S. 367, 380 (2004). A petitioner must ordinarily show, among other things, a clear and indisputable right to relief. *Id.* at 380–81. Given Congress committed institution decisions to the Director's discretion, even when the statutory pre-conditions are present, *SAS Inst., Inc. v. Iancu*, 584 U.S. 357, 366 (2018); *Apple Inc. v. Squires*, ___ F.4th ___, 2026 WL 406495 at *1 (Fed. Cir. Feb. 13, 2026), and protected the exercise of that discretion from review by making such determinations "final and nonappealable," 35 U.S.C. § 314(d), we have recognized that, in the absence of a colorable constitutional claim, mandamus is ordinarily unavailable for review of institution decisions. *Mylan Lab'ys Ltd. v. Janssen Pharmaceutica, N.V.*, 989 F.3d 1375, 1382 (Fed. Cir. 2021); *Apple Inc. v. Vidal*, 63 F.4th 1, 12 n.5 (Fed. Cir. 2023).

We see no reason to grant such relief here. Tesla primarily argues that the Director exceeded his statutory authority in denying IPR review.[1] But the Director here merely concluded that instituting IPR would not be an

---

[1]    Tesla casts its *ultra vires* arguments, regarding the Director's use of the time-to-trial factor, also as a constitutional separation of powers challenge. But the Supreme Court has noted that "claims simply alleging that the President has exceeded his statutory authority are not 'constitutional' claims," *Dalton v. Specter,* 511 U.S. 462, 473–74 (1994), and we agree with the PTO that this challenge presents no colorable constitutional claim.

efficient use of agency resources given the progress of the civil litigation between the parties at the time. In circumstances like these, we have not exercised mandamus authority to disturb a denial of institution decision and see no basis to do so here either. *See Mylan*, 989 F.3d at 1382 (holding a petitioner has no right to mandamus relief when a non-constitutional challenge is to "the Director's exercise of his discretion to deny institution"). Nor has Tesla shown any clear and indisputable right to disturb the non-institution decisions based on its contention that the Director failed to conduct proper notice-and-comment rulemaking. *See Apple*, 2026 WL 406495, at *1 (holding that the PTO's "general statement[s] of policy" are exempted from notice-and-comment rulemaking procedures).

Accordingly,

IT IS ORDERED THAT:

(1) The petition is denied.

(2) The unopposed motions at ECF Nos. 12, 16, 20, and 25 for leave to file amici curiae briefs are granted and the corresponding briefs are accepted for filing.

FOR THE COURT

Jarrett B. Perlow
Clerk of Court

February 27, 2026
Date