NOTE: This order is nonprecedential.

# United States Court of Appeals for the Federal Circuit

---

**In Re VOLKSWAGEN GROUP OF AMERICA, INC.,**
*Petitioner*

---

2026-123

---

On Petition for Writ of Mandamus to the United States Patent and Trademark Office in No. IPR2025-00925.

---

**ON PETITION**

---

Before DYK, REYNA, and HUGHES, *Circuit Judges.*

PER CURIAM.

**O R D E R**

Volkswagen Group of America, Inc. sought *inter partes* review ("IPR") of Longhorn Automotive Group LLC's patent in response to being sued for infringement. After concluding IPR would not be an appropriate use of agency resources, the Acting Director of the United States Patent and Trademark Office ("USPTO") granted Longhorn's request for discretionary denial.[1] Volkswagen now petitions

---

[1] John A. Squires was confirmed as the Director after the Acting Director's non-institution decision.

this court for a writ of mandamus seeking to vacate the non-institution decision and to direct the USPTO to reconsider institution without regard to discretionary considerations. The Director and Longhorn oppose.

Congress committed institution decisions to the Director's discretion, even when the statutory pre-conditions are present, *SAS Inst., Inc. v. Iancu*, 584 U.S. 357, 366 (2018); *Apple Inc. v. Squires*, 166 F.4th 1349, 1353 (Fed. Cir. 2026). It protected the exercise of that discretion from review by making such determinations "final and nonappealable," 35 U.S.C. § 314(d), relief by means of mandamus or direct appeal is ordinarily unavailable, *Mylan Lab'ys Ltd. v. Janssen Pharmaceutica, N.V.*, 989 F.3d 1375, 1382 (Fed. Cir. 2021). Volkswagen, nevertheless, urges relief here on the ground that "Congress delegated legislative power when it granted the Director the power to decide whether to adjudicate disputes involving patent validity," and also gave the Director "unbounded discretion to deny institution of" IPR, and thus "Congress violated the nondelegation doctrine." Pet. at 4; Reply at 8.[2] This is a constitutional issue as to which review is available. *Mylan*, 989 F.3d at 1382.

It is true, as the Supreme Court has explained, Congress provided "no mandate to institute" IPR—instead, the Director's "decision to deny a petition is a matter committed to [his] discretion." *Cuozzo Speed Techs., LLC v. Lee*, 579 U.S. 261, 273 (2016) (citing 5 U.S.C. § 701(a)(2); 35 U.S.C. § 314(a)). But that exercise of discretion does not necessarily involve legislative power. In fact, the Court has

---

[2]     Volkswagen did not raise this challenge below. *See In re DBC*, 545 F.3d 1373, 1378 (Fed. Cir. 2008) ("It is well-established that a party generally may not challenge an agency decision on a basis that was not presented to the agency."). Regardless, entitlement to relief has not been established for the reasons provided herein.

explained, to the contrary, that "an agency's refusal to institute proceedings," as is the situation here, "shares to some extent the characteristics of the decision of a prosecutor in the Executive Branch not to indict—a decision which has long been regarded as the special province of the Executive Branch, inasmuch as it is the Executive who is charged by the Constitution to 'take Care that the Laws be faithfully executed.'" *Heckler v. Chaney*, 470 U.S. 821, 831–32 (1985) (quoting U.S. Const., Art. II, § 3); *see Apple*, 166 F.4th at 1360; *see also TransUnion LLC v. Ramirez*, 594 U.S. 413, 430 (2021) ("[T]he choice of how to prioritize and how aggressively to pursue legal actions . . . falls within the discretion of the Executive Branch[.]"), *Oil States Energy Servs., LLC v. Greene's Energy Grp., LLC*, 584 U.S. 325, 336 (2018) ("When the PTO adjudicates the patentability of inventions, it is exercising the executive power." (cleaned up)). Volkswagen identifies no contrary authority.

Volkswagen relies on *Jarkesy v. SEC*, 34 F.4th 446 (5th Cir. 2022), *aff'd on other grounds*, 603 U.S. 109 (2024), which dealt with the Securities and Exchange Commission ("SEC")'s authority to bring enforcement proceedings within either the agency or an Article III court. The Fifth Circuit's majority drew a sharp distinction between, on the one hand, "the ability to determine which subjects of its enforcement actions are entitled to Article III proceedings with a jury trial," "a delegation of legislative power," *id.* at 461[3] (citing *Crowell v. Benson*, 285 U.S. 22, 50 (1932)), and, on the other hand, the discretion whether to launch an enforcement action in the first place, which constitutes

---

[3]    Like the United States Court of Appeals for the Third Circuit, we question the correctness of the Fifth Circuit's analysis. *See, e.g., Axalta Coating Sys. LLC v. FAA*, 144 F.4th 467, 478–79 (3d Cir. 2025).

"executive, not legislative, power," *id.* at 462. Applying that distinction, the Fifth Circuit's majority in *Jarkesy* held that the challenged scheme was unconstitutional because Congress delegated the former authority to the SEC without providing an intelligible principle to guide the agency's decision as to which defendants would receive the right to a jury trial. *Id.*

The present situation is materially different in that it does not involve whether a procedure such as a jury trial should be allowed but rather involves a decision whether to institute proceedings. Congress set the options for post-grant challenges to patent validity (and accompanying procedures), and the Director merely decides whether the USPTO will take "a second look at an earlier administrative grant of a patent." *Oil States*, 584 U.S. at 336 (cleaned up); *see Regents of Univ. of Minn. v. LSI Corp.*, 926 F.3d 1327, 1339 (Fed. Cir. 2019). And, unlike in *Jarkesy,* "[a] non-institution decision has no legal effect on the underlying patent rights and obligations," "leav[ing] a patent challenger's actual legal rights and obligations unchanged," *Apple*, 166 F.4th at 1361. Thus, Volkswagen has provided no persuasive basis to conclude the Director exercises legislative power here.[4]

Accordingly,

---

[4]   To the extent Volkswagen argues the Director exceeded his statutory authority in denying institution or setting institution policy, review of that argument is barred here. *See* § 314(d); *In re Motorola Solutions, Inc.*, 159 F.4th 30, 38 (Fed. Cir. 2025); *Mylan*, 989 F.3d at 1382–83; *see also Apple Inc. v. Vidal*, 63 F.4th 1, 11–14 (Fed. Cir. 2023); *In re Cambridge Indus. USA Inc.*, No. 2026-101, 2025 WL 3526129, at *2 n.1 (Fed. Cir. Dec. 9, 2025).

IN RE VOLKSWAGEN GROUP OF AMERICA, INC.                              5

IT IS ORDERED THAT:

The petition is denied.

FOR THE COURT

Jarrett B. Perlow
Clerk of Court

March 19, 2026
Date